IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MALACO, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No: 3:25-cv-2217 |
| | § | |
| MUSIC ACCESS, INC. and | § | |
| ROBERT GONZALES | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff Malaco, Inc. presents the foregoing complaint and asserts the following:

## I. PARTIES

1.    Plaintiff, Malaco Inc., is organized under the laws of the State of Mississippi, with its principal place of business in Jackson, Mississippi.

2.    Publicly available records filed with the Texas Secretary of State's Office show that Defendant Music Access, Inc. is a Texas corporation with its principal place of business in Dallas, Texas at 13154 Coit Road, Suite 211, Dallas, Texas, 75240 and can be served through its registered agent, Emmanuel Robles, at that address.

3.    Publicly available records filed with the Texas Secretary of State's Office show that Defendant Robert Gonzales is the President of Music Access, Inc. and can be served at the company's office at 13154 Coit Road, Suite 211, Dallas, Texas, 75240.

## II. JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1338, 28 U.S.C. § 2201, and 17 U.S.C. § 101 *et seq.* as it is an action arising under the Copyright Act. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this matter under 28 U.S.C. § 1400(a) because the Defendants and/or their agents reside, or may be found, in this district. Likewise, venue is proper under 28 U.S.C. § 1391(b)(1) (one defendant resides in the district and the others reside in Texas) and under 28 U.S.C. § 1391(b)(2) (a substantial part of the events or omissions giving rise to the claims occurred in this district).

6.      Personal jurisdiction exists over the Defendants because they are citizens of Texas and the conduct that forms the basis of this lawsuit occurred in Texas.

## III. MATERIAL PREDICATE FACTS

7.      Malaco, Inc. ("Malaco" or "Plaintiff") is an independent record label based in Jackson, Mississippi, specializing in the production, distribution, and licensing of southern soul, blues, and gospel music recordings and copyrights.

8.      Since approximately 1968, Malaco has been a leader in the independent recording industry. Its first hit records included the 1970s hits "Groove Me" by King Floyd and "Mr. Big Stuff" by Jean Knight. Thereafter, the company recorded music

for the Pointer Sisters, Rufus Thomas, and Paul Simon. Dorothy Moore recorded "Misty Blue" with Plaintiff and, in 1973, that song went to #2 on the R&B charts, and crossed over to main-stream Pop Charts, going to #3 in the United States, and #5 in Great Britain.

9.    Over the course of five decades, Malaco continued the legacy of its origins by scoring hit music with Bobby Bland, Mel Waiters, Anita Ward, Johnnie Taylor, the Mississippi Mass Choir, Drake, SZA, Kanye West, Snoop Dog, and many others. It is one of the few remaining independent record companies, earning the well-deserved moniker as "Last Soul Company." It is not an exaggeration to say that Malaco helped create, and now defines, the state of contemporary southern R&B, soul and gospel music.

10.    Through this lawsuit, Malaco seeks to protect its valuable copyrights from a Dallas-based knock-off artist, Robert Gonzales, who falsely claims to be the "writer" of at least 12 songs that were originally written by songwriters or artists under contract with Malaco. Gonzales releases the music that he claims to have written through Co-Defendant Music Access, Inc., where Gonzales serves as President.

11.    Each of the 12 songs at issue are covered by separate performing arts ("PA") and sound recording ("SR") copyright registrations.

   a. The PA registration protects the so-called publishing rights or musical composition. This is the music and lyrics that one might see

on printed sheet music. It covers the composition, *i.e.,* the notes and words that define the song.

b. The "SR" registration for each song protects the audio recording of the music itself as recorded by the artist. This is what one would typically hear played over the radio or on a streaming service.

12.    What Gonzales and Music Access appear to be doing is "covering" or re-recording hit music written and owned by third parties, but instead of paying for the "mechanical rights" to redistribute the original composition in a recorded format, they falsely assert that Gonzales is the original author of the music at issue and that Music Access has the right to record and release the music.

13.    For the 12 songs at issue, Malaco jointly owns the PA rights with Peermusic, which purchased 50% of Malaco's publishing catalog in 2007. Neither Peermusic nor Malaco have granted mechanical rights to Gonzales or Music Access for any of the 12 songs identified herein.

14.    Peermusic has informed Malaco that it has consented to Malaco's filing of the copyright infringement claims against Gonzales and Music Access. *See* Declaration of Timothy A. Cohan, Chief Counsel for the Peermusic group of companies, attached as Exhibit 1.

15.    The 12 songs at issue ("Registered Works") are the following:

a. "Boom Boom Boom" originally written by Malaco artist Willie Clayton, and registered as PA 1-350-918;

b. "Good Love" originally written by Malaco songwriter Charles Richard Cason, and registered as PA 800-777;

c. "You've Got to Hurt Before You Heal" originally written by Malaco songwriters Larry Addison, and registered as PA 863-775;

d. "I'm A Blues Man" originally written by Malaco songwriters A.D. Prestage, Joe Shamwell, and Walter Godbold, and registered as PA 1-090-934;

e. "Just Because" originally written by Malaco songwriters Larry Addison, and registered as PA 1-073-942;

f. "Down Home Blues" originally written by Malaco songwriters George Jackson, and registered as PAU 371-566;

g. "1-800 Good Man" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850.

h. "She Can't Love You Like Me" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850;

i. "Where Did I Go Wrong" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850;

j. "Where Did I Go Wrong (Remix)" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850;

k. "Her Kids" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850; and

l.  "Girlfriend" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850.

16.    Gonzales falsely claims attribution for writing the Registered Works and, in furtherance of that fraud, Music Access has published "knock-off" sound recordings of the Registered Works that have been improperly recorded by musicians associated by Music Access and which are being streamed by various online services.

17.    Neither Gonzales nor Music Access have mechanical rights to the Registered Works. Nor do they have any license rights.

18.    On information and belief, Defendants may be infringing and falsely attributing authorship to Gonzales for numerous other titles owned by Malaco. During discovery, Malaco will either supplement or amend the complaint with additional claims for copyright infringement and other intellectual property violations.

## COUNT 1: COPYRIGHT INFRINGEMENT FOR "BOOM BOOM BOOM"

19.    The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

20.    Plaintiff owns the rights to the composition "Boom Boom Boom" which was originally written by Malaco artist Willie Clayton, and registered as PA 1-350-918.

21.    Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

22.    Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

23.    Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

24.    In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

25.    Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

26.    Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

27.    Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

28.    Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

## COUNT 2: COPYRIGHT INFRINGEMENT FOR "GOOD LOVE"

29.    The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

30.     Plaintiff owns the rights to the composition "Good Love" originally written by Malaco songwriter Charles Richard Cason, and registered as PA 800-777

31.     Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

32.     Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

33.     Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

34.     In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

35.     Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

36.     Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

37.     Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

38.     Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

## COUNT 3: COPYRIGHT INFRINGEMENT FOR
## "YOU'VE GOT TO HURT BEFORE YOU HEAL"

39.   The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

40.   Plaintiff owns the rights to the composition "You've Got to Hurt Before You Heal" originally written by Malaco songwriter Larry Addison, and registered as PA 863-775.

41.   Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

42.   Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

43.   Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

44.   In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

45.   Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

46.   Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

47. Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

48. Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

### COUNT 4: COPYRIGHT INFRINGEMENT FOR "I'M A BLUES MAN"

49. The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

50. Plaintiff owns the rights to the composition Plaintiff owns the rights to the composition "I'm A Blues Man" originally written by Malaco songwriters A.D. Prestage, Joe Shamwell, and Walter Godbold, and registered as PA 1-090-934

51. Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

52. Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

53. Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

54.    In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

55.    Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

56.    Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

57.    Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

58.    Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

### COUNT 5: COPYRIGHT INFRINGEMENT FOR "JUST BECAUSE"

59.    The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

60.    Plaintiff owns the rights to the composition Plaintiff owns the rights to the composition "Just Because" originally written by Malaco songwriter Larry Addison, and registered as PA 1-073-942.

61.    Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

62.    Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or

any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

63.    Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

64.    In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

65.    Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

66.    Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

67.    Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

68.    Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

### COUNT 6: COPYRIGHT INFRINGEMENT FOR "DOWN HOME BLUES"

69.    The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

70.    Plaintiff owns the rights to the composition Plaintiff owns the rights to the composition "Down Home Blues" originally written by Malaco songwriter George Jackson, and registered as PAU 371-566.

71.    Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

72.    Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

73.    Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

74.    In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

75.    Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

76.    Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

77.    Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

78.    Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

## COUNT 7: COPYRIGHT INFRINGEMENT FOR "1-800 GOOD MAN"

79.     The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

80.     Plaintiff owns the rights to the Plaintiff owns the rights to the composition "1-800 Good Man" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850.

81.     Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

82.     Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

83.     Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

84.     In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

85.     Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

86.     Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

87.     Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

88.     Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

### COUNT 8: COPYRIGHT INFRINGEMENT FOR "SHE CAN'T LOVE YOU LIKE ME"

89.     The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

90.     Plaintiff owns the rights to the composition Plaintiff owns the rights to the composition "She Can't Love You Like Me" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850.

91.     Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

92.     Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

93.     Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

94.     In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

15

95.    Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

96.    Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

97.    Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

98.    Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

### COUNT 9: COPYRIGHT INFRINGEMENT FOR "WHERE DID I GO WRONG"

99.    The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

100.    Plaintiff owns the rights to the composition Plaintiff owns the rights to the composition "Where Did I Go Wrong" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850.

101.    Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

102.    Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

103.    Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

104.    In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

105.    Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

106.    Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

107.    Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

108.    Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

**COUNT 10: COPYRIGHT INFRINGEMENT FOR "WHERE DID I GO WRONG (REMIX)"**

109.    The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

110.    Plaintiff owns the rights to the composition Plaintiff owns the rights to the composition "Where Did I Go Wrong (Remix)" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850.

111.    Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

112.    Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

113.    Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

114.    In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

115.    Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

116.    Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

117.    Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

118.    Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

### COUNT 11: COPYRIGHT INFRINGEMENT FOR "HER KIDS"

119.    The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

120.    Plaintiff owns the rights to the composition Plaintiff owns the rights to the composition "Her Kids" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850.

121.    Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

122.    Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

123.    Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

124.    In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

125.    Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

126.    Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

127.    Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

128.    Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

### COUNT 12: COPYRIGHT INFRINGEMENT FOR "GIRLFRIEND"

129.    The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

130.    Plaintiff owns the rights to the composition Plaintiff owns the rights to the composition "Girlfriend" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850.

131.    Plaintiff has the right and ability to defend the copyright at issue including the right to sue for damages and injunctive relief.

132.    Defendants are infringing Plaintiff's registered copyright by re-recording and/or otherwise performing a substantially similar version of the work without permission from the owner; i.e., they never obtained a mechanical license or any other form of permission from the owner. Similarly, they do not have the right to hold themselves out as writers and/or authors of the works identified herein.

133.    Pursuant to 17 U.S.C. § 504(b) Plaintiff seeks all damages permissible under the Copyright Act, including, but not limited to, damages for lost profits, disgorgement of Defendants' profits, and/or a reasonable royalty.

134.    In the alternative, Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c).

135.    Plaintiff also seeks damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

136.    Plaintiff also seeks attorney's fees pursuant to 17 U.S.C. § 505.

137.    Plaintiff also seeks injunctive relief pursuant to 17 U.S.C. § 502 and impoundment/destruction of the infringing works pursuant to 17 U.S.C. § 503.

138.    Plaintiff seeks all other relief to which it is entitled in law or equity for Defendants' conduct, including but not limited to, taxable costs, prejudgment interest, and post-judgment interest.

### COUNT 13: REQUEST FOR DECLARATION OF RIGHTS AND OWNERSHIP

139.    The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

140.    Pursuant to 28 U.S.C. § 2201(a), Malaco alleges that a case of actual controversy exists within this Court's jurisdiction concerning the identity of the authors and owners of certain musical compositions identified herein under the Copyright Act of 1976, namely, 17 U.S.C. § 201 (which governs copyright ownership and transfer) or 17 U.S.C. § 501 (which addresses infringement and remedies). Malaco specifically seeks a declaration from the Court as to ownership and attribution for the Registered Works:

    a.    "Boom Boom Boom" originally written by Malaco artist Willie Clayton, and registered as PA 1-350-918;

    b.    "Good Love" originally written by Malaco songwriter Charles Richard Cason, and registered as PA 800-777;

c.  "You've Got to Hurt Before You Heal" originally written by Malaco songwriter Larry Addison, and registered as PA 863-775;

d.  "I'm A Blues Man" originally written by Malaco songwriters A.D. Prestage, Joe Shamwell, and Walter Godbold, and registered as PA 1-090-934;

e.  "Just Because" originally written by Malaco songwriter Larry Addison, and registered as PA 1-073-942;

f.  "Down Home Blues" originally written by Malaco songwriter George Jackson, and registered as PAU 371-566;

g.  "1-800 Good Man" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850.

h.  "She Can't Love You Like Me" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850;

i.  "Where Did I Go Wrong" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850;

j.  "Where Did I Go Wrong (Remix)" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850;

k.  "Her Kids" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850; and

l.  "Girlfriend" originally written by Malaco artist La'Keisha Burks, registered as PA 1-308-850.

141.    Malaco also requests that the Court declare that neither Gonzales nor Music Access has mechanical rights, publishing rights, recording rights, sound rights, or any other license or right with respect to the Registered Works.

142.    Malaco seeks all remedies available under the Declaratory Judgment Act, including but not limited to, injunctive relief, impoundment/destruction of the infringing works, and taxable costs.

## COUNT 14: REQUEST FOR DECLARATION OF ATTRIBUTION RIGHTS FOR SONGS THAT FALSELY IDENTIFY GONZALES AS WRITER/AUTHOR

143.    The facts and allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

144.    Pursuant to 28 U.S.C. § 2201(a), Malaco alleges that a case of actual controversy exists within this Court's jurisdiction concerning the attribution rights of certain copyright registrations identified herein under the Copyright Act of 1976, namely, 17 U.S.C. § 201 (which governs copyright ownership and transfer) or 17 U.S.C. § 501 (which addresses infringement and remedies). Malaco specifically seeks a declaration from the Court that Gonzales is not an author, writer, or otherwise qualified for attribution for the following Registered Works:

      a.  "Boom Boom Boom";

      b.  "Good Love";

      c.  "You've Got to Hurt Before You Heal";

      d.  "I'm A Blues Man";

      e.  "Just Because";

    f.   "Down Home Blues";

    g.   "1-800 Good Man";

    h.   "She Can't Love You Like Me";

    i.   "Where Did I Go Wrong";

    j.   "Where Did I Go Wrong (Remix)";

    k.   "Her Kids"; and

    l.   "Girlfriend".

145. In addition to a declaration of attribution rights for the above titles, Malaco seeks all other remedies available under the Declaratory Judgment Act, including but not limited to, injunctive relief, impoundment/destruction of the infringing works, and taxable costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(i)    a judgment that Defendants have infringed the Registered Works

(ii)    a judgment for damages for copyright infringement for the Registered Works, including, but not limited to, Plaintiff's lost profits, disgorgement of profits, statutory damages, and/or enhanced damages for willful infringement;

(iii)    a declaratory judgment of ownership and attribution;

(iv)    a declaratory judgment that Defendant Gonzales is not entitled to attribution as author and/or writer for any of the Registered Works;

(v)    judgment for attorney's fees;

(vi)    judgment for injunctive relief and impoundment of all infringing materials;

(vii)    judgment for prejudgment interest;

(viii)    judgment for post-judgment interest;

(ix)    judgment for taxable costs; and

(x)    judgment for all other rights and remedies to which Plaintiff may be entitled pursuant to the Copyright Act and/or the Declaratory Judgment Act.

Dated: August 18, 2025

Respectfully submitted,

*/s Stephen A. Kennedy*
Stephen A. Kennedy
skennedy@saklaw.net
Texas Bar No. 11300425
KENNEDY LAW, PC
1445 Ross Ave. Suite 2750
Dallas TX 75202
Office: (214) 716-4343
Fax: (214) 593-2821
Email: skennedy@saklaw.net